**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| STACY ALLEN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 26-3213 (UNA) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on plaintiff's application to proceed *in forma pauperis* (ECF No. 2), *pro se* complaint (ECF No. 1), and motion for placement in the Attorney General's protection (ECF No. 4). The Court GRANTS the application, DISMISSES the complaint without prejudice, and DENIES the motion.

Plaintiff allegedly has accumulated evidence of political corruption with respect to former Presidents of the United States, a former Secretary of State, members of the United States Congress, and their family members, among others. After many unsuccessful attempts to share these materials with the U.S. Department of Justice, he "[d]emands to show his evidence to one of the [current] President['s] chosen administration," Pet. at 5, such as the Vice President, the Attorney General, or the Secretary of State, *see id*.

The Court understands plaintiff to demand mandamus relief directing one of his selected members of the current administration to accept his so-called evidence. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citations omitted). "To establish entitlement to mandamus relief, the plaintiff

must demonstrate 1) a clear and indisputable right to the particular relief sought against the federal official, 2) that the federal official is violating a clear duty to act, and 3) that the plaintiff has no adequate alternate remedy." *Illinois v. Ferriero*, 60 F.4th 704, 713 (D.C. Cir. 2023) (citation omitted); *see Council of and for the Blind of Delaware County Valley v. Regan*, 709 F.2d 1521, 1533 (D.C. Cir. 1983) (en banc). "These three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016). Plaintiff fails to demonstrate an entitlement to the relief requested, and the Court cannot order this administration government official to exercise discretion and receive the materials plaintiff offers.

An Order accompanies this Memorandum Opinion.

2026.10.26
18:04:20 -04'00'

TREVOR N. McFADDEN
United States District Judge

DATE: October 26, 2026